UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RLT, JR.,

    Plaintiff,

  v.            Case No. 17-C-507

RACINE COUNTY JAIL, et al.,

    Defendants.

## SCREENING ORDER

   Plaintiff RLT, Jr., filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while incarcerated at the Racine County Jail. Plaintiff is awaiting trial for state charges, therefore he is considered a pretrial detainee for purposes of assessing his claims. The court notes that Plaintiff is a minor, but as the following discussion shows, Plaintiff fails to state a claim upon which relief may be granted. Therefore, the court will not appoint a guardian ad litem in accordance with Federal Rule of Civil Procedure 17(c). This matter comes before the court on Plaintiff's petition to proceed *in forma pauperis*, which the court denies.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson*

*ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must,

2

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that Defendants Noonan and Koon lost Plaintiff's legal work and social security number. He seeks relief from the Racine County Jail for the loss of his property and for being made eligible for fraud. "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). The plaintiff carries the burden to demonstrate three elements: (1) "an 'injury in fact,' which is an invasion of a legally protected right that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant and not from the independent action of some third party not before the court"; and (3) "a likelihood that the injury will be redressed by a favorable decision." *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (internal citations omitted). Here, Plaintiff has failed to demonstrate the requisite standing to invoke this Court's

3

jurisdiction regarding his allegations of potential fraud. Plaintiff has not suffered an injury—he has not yet been the subject of fraud. Because he does not have standing to sue, he has failed to state a claim upon which relief can be granted.

Plaintiff's loss of property claim also fails to state a claim. As long as state remedies are available for the loss of property, neither intentional nor negligent deprivation of property gives rise to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). The state of Wisconsin provides several procedures to challenge the alleged wrongful taking of property. *See* Wis. Stat. Chs. 810, 893. Therefore, although Plaintiff may have a state claim, he does not have a federal constitutional claim based on the taking of his property.

Finally, the complaint lists as a defendant the Racine County Jail. However, a jail is not a legal entity that can be sued under § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, the Racine County Jail will be dismissed as a defendant. In sum, Plaintiff has provided no arguable basis for relief.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this __21st__ day of April, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
